UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| TONY CHANDLER, | ) ED CV 14-00418-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## PROCEEDINGS

This matter is before the court for review of the Decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the certified transcript

of record, and each party has filed its supporting brief. After reviewing the matter, the Court concludes the Decision of the Commissioner should be affirmed.

## I. BACKGROUND

Plaintiff, Tony Chandler, applied for Disability Insurance Benefits on April 29, 2010. (AR 160-68). Plaintiff alleges disability commencing March 15, 2009. (AR 161). The Commissioner denied the Application initially. (AR 14-25). A hearing on the claim was conducted on March 22, 2012. (AR 37-74). On September 11, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR 16-31). The Appeals Council denied the request of review. (AR 1-3). Plaintiff commenced this civil action seeking judicial review.

## II. DISCUSSION

Plaintiff makes two challenges to the ALJ Decision dated September 11, 2012. Plaintiff alleges the ALJ erred in (1) failing to properly consider the lay witness testimony of Plaintiff's wife, Kim Chandler, and (2) finding that all of the jobs identified by the Vocational Expert are consistent with the ALJ's determination of residual functional capacity. For the reasons discussed below, the Court finds no reversible error by the ALJ.

**A. The ALJ Properly Consider the Lay Witness Testimony of Plaintiff's Wife**

Plaintiff asserts the ALJ failed to properly consider the testimony of Plaintiff's wife, Kim Chandler. In response, Defendant argues the ALJ provided germane reasons for rejecting the Plaintiff's wife's testimony.

At the administrative hearing, Plaintiff claimed disability due to medically determinable impairments related to brain aneurysms and pain in his right shoulder. Mrs. Chandler testified that Plaintiff suffers from short-term memory

loss as a permanent effect from brain surgeries, and diminished strength and range of motion in his right arm. (AR 64). Mrs. Chandler further testified that Plaintiff requires assistance in dressing and has difficulty performing household tasks. (AR 65). Lastly, Mrs. Chandler opined she "see[s] [Plaintiff's functional limitations] as a disability, definitely." (AR 64).

The ALJ properly discredited Mrs. Chandler's personal opinion that "[Plaintiff] had been unable to function since the surgeries." (AR 24). The ALJ held that "[Plaintiff's] wife is not a medical professional…[and] is not competent to make a diagnosis or argue the severity of the claimant's symptoms in relationship to his [*sic*] ability to work." (AR 25). An ALJ need not discuss "medical diagnoses" made by lay witnesses because they are beyond the competence of lay witnesses and therefore do not constitute competent evidence. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing 20 C.F.R. § 404.1513(a)).

However, to properly reject lay testimony regarding Plaintiff's observable symptoms the ALJ must give reasons germane for doing so. Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Bayliss v. Barnhart, 427 F.3d 1211, 128 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witness"). The ALJ provided the following reasons for finding Mrs. Chandler's statements not credible to the extent her statements were inconsistent with the RFC: (1) her opinion was not an unbiased one; and (2) the clinical and diagnostic medical evidence did not support her statements. (AR 25).

In discrediting Mrs. Chandler's testimony, the ALJ determined "[Plaintiff's] wife has a financial and familial interest in seeing the [Plaintiff] receive benefits and her opinion is not an unbiased one." (AR 25).

Regardless of whether Mrs. Chandler is an interested party, "friends and family members in a position to observe a claimant's symptoms and daily

3

activities are competent to testify as to [his or] her condition." Valentine v. Commissioner Social Security Admin., 574 F.3d 685, 694-95 (9th Cir. 2009). Thus, the ALJ's determination to reject Mrs. Chandler's testimony because she was an interested party was improper. For the ALJ to make such a basic error is troubling.

However, although the ALJ cited to Mrs. Chandler's familial and financial interests, the ALJ ultimately determined that "[*m*]*ore importantly*, the clinical or diagnostic medical evidence… does not support her statements." (AR 25) (emphasis added). While lay testimony cannot be rejected merely because it is irrelevant to medical conclusions or not supported by medical evidence, inconsistency with the medical evidence is a germane reason to discredit lay testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the ALJ provided a complete review of Plaintiff's complete medical history and held found that the objective medical evidence did not support the alleged severity of his symptoms. (AR 25-28).

In regard to Plaintiff's brain aneurysms, the ALJ identified specific medical evidence to support discrediting the wife's testimony. In 2009, Plaintiff underwent two brain surgical procedures after a finding of artery aneurysms and subarachnoid hemorrhage. (AR 576). On January 8, 2010 and October 25, 2011, Plaintiff's cerebral arteriogram indicted a stable coil occlusion and no residual aneurysm. (AR 562, 668, 694). On July 4, 2010, consultative examiner, Dr. Adam Cash, Psy.D., conducted a complete psychological evaluation of Plaintiff. (AR 319-323). Despite Plaintiff's low score on the Wechsler Memory Scale-III test for immediate memory in auditory tasks, Plaintiff's performance on the Bender Gestalt II did not indicate significant visual motor problems of gross brain dysfunction. (AR 321, 323). Dr. Cash determined from a psychological standpoint,

> [Plaintiff] does have cognitive deficits in processing speed and an overall reduction in level of functioning. Ultimately, his ability to understand, remember and carry out simple instructions was mildly impaired. His level of concentration, persistence, and pace were moderately impaired. His ability to function socially in the workplace is not impaired. His tolerance for stress is mildly impaired at this time and he runs no risk for emotional deterioration in the workplace. (AR 323).

Based on the findings and opinions of Dr. Cash, along with other objective medical evidence, the ALJ determined that Plaintiff is capable of understanding, remembering and carrying out simple one and two step tasks. (AR 23). The ALJ found Plaintiff has the RFC to maintain concentration, persistence, and pace throughout a normal workday as related to simple tasks. (AR 23). In addition, Plaintiff is also able to interact adequately and able to make adjustments and avoid hazards in the workplace. (AR 23). Therefore, the ALJ provided germane reasons to properly rejected Plaintiff's wife's testimony regarding mental impairments when determining Plaintiff's RFC.

Plaintiff's second allegedly disabling symptom is pain in the right shoulder. The record indicates Plaintiff suffers from right shoulder impairment, and underwent surgeries on December 17, 2009 and June 24, 2010 (AR 410, 515). The ALJ gave great weight to the finding of Sandra Eriks, M.D, who examined Plaintiff on July 20, 2010. Although Dr. Eriks diagnosed Plaintiff with a right shoulder injury and functional limitations to sedentary work, Dr. Eriks opined that after two months of recovery Plaintiff would have the residual capacity to lift and carry fifty pounds occasional and twenty pounds frequently. (AR 329). Furthermore on October 20, 2011, Plaintiff's therapist discharged Plaintiff from physical therapy as at this time, as "all goals have been met and [Plaintiff] never called to schedule more appointments after returning from his vacation." (AR 511).

In assessing Plaintiff's RFC, the ALJ gave Dr. Eriks' findings the "greatest weight" but found an even more restricted RFC. (AR 22, 27).

Specifically, the ALJ determined that Plaintiff "can lift only twenty pounds occasionally and ten pounds frequently… [and] has the [RFC] to perform less than a full range of light work." (AR 22, 27). Therefore, based on the objective medical evidence, the ALJ provided proper reasons to reject the Mrs. Chandler's inconsistent statements of disabling shoulder pain when determining Plaintiff's RFC.

## B. The Positions Identified by the Vocational Expert, as defined in the Dictionary of Occupation Titles, are Consistent with the ALJ's Determination of Residual Functional Capacity

Plaintiff contends that the jobs recommended by the Vocational Expert ("VE") are inconsistent with the ALJ's residual functional capacity. At the hearing the ALJ asked the VE what kind of other work could a hypothetical individual with Plaintiff's various functional limitations perform. (AR 68-70). The hypothetical included the limitation "[Plaintiff] should avoid concentrated exposure to… *dangerous machinery*..." (AR 69) (emphasis added). The VE identified three jobs: Photo Copy Machine Operator; Assembler of Small Parts; and Assembler of Electrical Accessories. (AR 69-70). Plaintiff alleges the definitions of all three jobs in the Dictionary Occupational Titles ("DOT") involve some degree of exposure to dangerous machinery and are inconsistent with Plaintiff's RFC.

For example, Plaintiff argues that under the DOT, a Photo Copy Machine Operator "may be required to clean or repair photocopy machine." DOT 207.684-014. Plaintiff argues "this could expose the worker to hazards such as moving machine parts or power tools used in the course of maintaining the machine. As such, this job violates Plaintiff's RFC, which explicitly precludes concentrated exposure to dangerous machinery." Pl. Br. 8.

Plaintiff's argument is without merit. At the hearing, the ALJ asked, and the VE confirmed, that other than the addition of "scanning technician" duties to the DOT definition of photocopy machine operator, his testimony was consistent with the DOT. (AR 70). Because the hypothetical the ALJ posed to the VE contained all of the limitations that the ALJ found credible and were supported by substantial evidence in the record, the ALJ's reliance on the testimony the VE gave in response to the hypothetical therefore was proper. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

In addition, Plaintiff fails to present any challenges to the VE's qualifications or any other valid reason to doubt that the recommended jobs exists within the framework of the ALJ's hypothetical question. Rather, Plaintiff merely goes through each of the three generalized DOT descriptions and assumes the use of any type of machinery constitutes "concentrated exposure to dangerous machinery." However, it is not for the Plaintiff or the ALJ to play the role of vocational expert. See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988). The VE was called upon for his expertise in this area, and since the vocational expert's "recognized expertise provided the necessary foundation" for his testimony, no additional foundation is required. Bayliss, 427 F.3d 1218. Therefore, the jobs identified by the Vocational Expert, as defined in the Dictionary of Occupational Title, are consistent with the ALJ's determination of residual functional capacity. The VE specifically found that all three jobs were within plaintiff's residual functional capacity. The ALJ found only that plaintiff should "avoid concentrated exposure to...dangerous machinery." (Emphasis added). One or more or of the identified jobs fell within this limitation.

**ORDER**

The Court finds the ALJ properly evaluated the lay witness' testimony, and the positions identified by the Vocational Expert, as defined in the Dictionary of Occupational Titles, are consistent with the ALJ's determination of Plaintiff's residual functional capacity.

For the foregoing reasons, the decision of the Commissioner is affirmed and the Complaint is dismissed.

Dated: November 17, 2014

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE